UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES

    -against-

ANTHONY DONATO,

             Defendant.

**MEMORANDUM &ORDER**
**03-CR-929-9 (NGG)**
**05-CR-60-10 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Pending before the court is Defendant Anthony Donato's motion for compassionate release. Mr. Donato argues that his health conditions, coupled with the ongoing COVID-19 pandemic, constitute "extraordinary and compelling circumstances" meriting his release prior to the end of his current sentence. For the reasons explained below, Mr. Donato's motion is DENIED.

## I. BACKGROUND

On November 8, 2005, Mr. Donato pleaded guilty to illegal gambling and racketeering conspiracy predicated on attempted murder and illegal gambling in violation of 18 U.S.C. §§ 1962(d), 1963(a), and 1955. (*See* Superseding Indictment S-3 (Dkt. 220 in No. 3-CR-929); Nov. 8, 2005 Min. Entry (Dkt. 343 in No. 3-CR-929).) On August 6, 2008, Mr. Donato pleaded guilty to conspiracy to commit murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5). (*See* Superseding Indictment S-9 (Dkt. 464 in No. 5-CR-60); Aug. 6, 2008 Min. Entry (Dkt. 509 in No. 5-CR-60).) In his second guilty plea, Mr. Donato pleaded to a specific 300-month sentence (300 months on No. 3-CR-929 and 120 months on No. 5-CR-60, to run concurrently) pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). (*See* Gov't Mem. in Opp. ("Opp.") (Dkt. 1482 in No. 5-CR-60) at 2.) On December 6, 2008, the court imposed that exact sentence. (*See id.*; *see also* Judgment (Dkt. 583 in No. 5-CR-60).) Mr. Donato has

1

currently served approximately 15.5 years, roughly 62% of his full sentence. (Mot. for Compassionate Release ("Mot.") (Dkt. 1481 in No. 5-CR-60) at 23.)

Mr. Donato is incarcerated at FCI Danbury. (*See id.* at 7.) At the time of his motion, there were 27 active cases of COVID-19 at his facility. (*See id.*) The Bureau of Prisons ("BOP") has instituted a multi-phase strategy to stem the flow of the disease (*see* Opp. at 4-6), which, according to the BOP's reported numbers, appears to be working. As of July 5, 2020, the BOP website reports zero active cases of coronavirus at FCI Danbury and 94 residents who have recovered.[1]

Mr. Donato suffers from a number of serious, but non-life-threatening, medical conditions. These conditions include, *inter alia*, (1) hyperlipidemia, (2) premature atrial contractions, (3) a history of pneumonia and continuing upper respiratory ailments, (4) lipid disorder, (5) and high cholesterol. (*See* Mot. at 3, 11-14.) He argues that his conditions place him at elevated risk of serious negative complications were he to contract COVID-19 while incarcerated. (*Id.*) Hyperlipidemia, in particular, is the third most common co-morbidity for people who have died from COVID-19 in New York.[2]

## II.  LEGAL STANDARD

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to reduce a defendant's sentence upon motion of the Director of the BOP, or upon the motion of the defendant. A

---

[1] *See* BOP Coronavirus Index, https://www.bop.gov/coronavirus/index.jsp, (last visited July 6, 2020).

[2] *See* New York State Dep't of Health COVID-19 Tracker, https://covid19tracker.health.ny.gov/views/NYS-COVID19-Tracker/NYSDOHCOVID-19Tracker-Fatalities?%3Aembed=yes&%3Atoolbar=no (last visited July 1, 2020).

defendant may move under § 3582(c)(1)(A) only after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

A court may reduce a defendant's sentence under § 3582(c)(1)(A) only if it finds that "extraordinary and compelling reasons warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Id.* The court therefore must consider "the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." *Id.* The Sentencing Commission, to which Congress delegated the responsibility to "describe what should be considered extraordinary and compelling reasons for sentence reduction," 28 U.S.C. § 994(t), has determined that a defendant's circumstances meet this standard when, *inter alia*, the defendant is "suffering from a terminal illness" or a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility," or if, in the judgment of the BOP, the defendant's circumstances are extraordinary and compelling for "other reasons." U.S.S.G. § 1B1.13(1)(A) & Application Note 1(A), 1(D). The Sentencing Commission has additionally determined that a court should reduce a defendant's sentence only after determining that "[t]he defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Finally, the defendant has the burden to show he is entitled to a sentence reduction. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992)).[3]

---

[3] When quoting cases, and unless otherwise noted, all citations and quotation marks are omitted and all alterations are adopted.

3

### III. DISCUSSION

As the court noted in *United States v. Porges*, No. 17-CR-431 (NGG), 2020 WL 3504153, at *2 (E.D.N.Y. June 29, 2020), COVID-19 presents a great danger to this country's prison populations, especially given the worrying rate of growth of the COVID-19 pandemic nationally.[4] Still, the court maintains its position "that the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional factors such as advanced age or serious underlying health conditions that place a defendant at greater risk of negative complications from the disease." *United States v. Nwankwo*, No. 12-cr-31 (VM), 2020 WL 2490044, at *1-2 (S.D.N.Y. May 14, 2020) (collecting cases).

Mr. Donato is 62 years old, which does not place him in the highest age-based risk category for complications from coronavirus. Additionally, his health conditions, although serious, must be viewed in light of the apparent effectiveness of the BOP's mitigation strategy. (*See* Opp. at 4-6.) As of this writing, there are zero active cases of COVID-19 at FCI Danbury. Infections in Fairfield County (where the facility is located) and Connecticut as a whole are on a steady downward trend.[5] While the court acknowledges the seriousness of Mr. Donato's medical issues, it finds that—when coupled with the current circumstances at Danbury—they do not present an extraordinary and compelling reason for his release.

---

[4] *See* Hannah Knowles et. al, *New Coronavirus Cases in the U.S. Soar to Highest Single-Day Total*, WASHINGTON POST (June 24, 2020), https://www.washingtonpost.com/nation/2020/06/24/coronavirus-live-updates-us/.

[5] *See* Connecticut Coronavirus Map and Case Count, NY TIMES (Updated July 6, 2020, 8:07 A.M.), https://www.nytimes.com/interactive/2020/us/connecticut-coronavirus-cases.html.

Moreover, the § 3553(a) factors do not support his request. Mr. Donato has a history of violence. He was a member of the violent Bonanno organized crime family of La Cosa Nostra. He pleaded guilty, *inter alia,* to a racketeering predicate offense of attempted murder and conspiracy to commit murder in aid of racketeering. He participated in the ambush murder of Frank Santoro. Mr. Donato has served only 62% of his negotiated Rule 11(c)(1)(C) sentence. He is entirely capable of returning to organized crime activities at 62 years old, and the court has seen no credible evidence to conclude that he is no longer a danger to the community.

## IV. CONCLUSION

Based on the above, Mr. Donato's (Dkt. 1481) motion for compassionate release is DENIED.

SO ORDERED.

Dated:   Brooklyn, New York
         July 6, 2020

                                    /s/ Nicholas G. Garaufis
                                    NICHOLAS G. GARAUFIS
                                    United States District Judge